**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 27 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10137 |
| Plaintiff-Appellee, | D.C. No. 1:16-cr-00556-LEK-1 |
| v. | |
| WILLIAM NOTYCE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaiʻi
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted June 10, 2024
Honolulu, Hawaiʻi

Before:  CALLAHAN, HURWITZ, and H.A. THOMAS, Circuit Judges.

Following a jury trial, William Notyce was convicted of attempted possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and 18 U.S.C. § 2. Notyce challenges the district court's denial of his motion to suppress evidence obtained after his arrest. We have jurisdiction under 28 U.S.C. § 1291. We review de novo

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

the district court's denial of a motion to suppress, and the factual findings underlying the denial for clear error. *United States v. Brobst*, 558 F.3d 982, 991 (9th Cir. 2009). We review de novo whether officers had probable cause for a warrantless arrest. *Id.* at 997. We affirm.

Notyce argues that officers did not have probable cause to arrest him when they detained him in a parking garage on August 5, 2016. "There is probable cause for a warrantless arrest and a search incident to that arrest if, under the totality of the facts and circumstances known to the arresting officer, a prudent person would have concluded that there was a fair probability that the suspect had committed a crime." *United States v. Struckman*, 603 F.3d 731, 739 (9th Cir. 2010) (quoting *United States v. Gonzales*, 749 F.2d 1329, 1337 (9th Cir. 1984)).

When the officers encountered Notyce in the parking garage, they knew that a parcel ("the August 2016 parcel") containing a large quantity of methamphetamine was mailed to a P.O. box; that someone had checked the P.O. box the same day that the parcel was delivered; and that Notyce was in the post office parking lot shortly before the box was checked. The officers also knew that someone had opened the parcel a few minutes before the officers saw Notyce in the parking garage of the same building where the parcel was opened. The officers further knew that Notyce was part of a June 2016 investigation relating to a parcel containing over 2,000 grams of methamphetamine that was delivered to a P.O. box

2

associated with Notyce. Given the totality of the facts and circumstances known to the officers at the time, a prudent person would have concluded that there was a fair probability that Notyce had committed a crime. As such, the district court did not err in denying Notyce's motion to suppress.

**AFFIRMED.**